**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHERARD MARTIN, | ) | |
| | ) | |
| | ) | No. 15-cv-04576 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court are Plaintiff Sherard Martin's ("Martin") motions in limine as well as the motions in limine of Defendants the City of Chicago (the "City") and Chicago Police Department ("CPD") Officers Davis Marinez, Sofia Gonzalez (Arellano),[1] Armando Chagoya, and Elvis Turcinovic (collectively, "Defendants"). (R. 61; R. 63.) The Court has previously granted, based on the parties' agreement, Defendants' motions in limine numbers 8–10 and Martin's motions in limine numbers 1–2. (R. 71.) With respect to the disputed motions, the Court grants and denies them in part, and takes under advisement all issues not resolved in this opinion.

**BACKGROUND**

At 7:00 PM on May 24, 2013, Officers Marinez and Gonzalez pulled Martin over near the intersection of E. 90th Street and S. Burley Avenue in Chicago, allegedly because Martin's

---

[1] In Defendants' Rule 56.1(a)(3) Statement of Undisputed Material Facts, they indicated that Officer Sofia Gonzalez is now known as Sofia Arellano. (R. 38 at ¶ 3.) To avoid confusion, the Court will refer to her as Officer Gonzalez, as the Court did in its prior summary judgment opinion in this case. (R. 56.)

taillights and brake lights were not working.  (R. 38, Rule 56.1(a)(3) Stmt. Facts, ¶ 6 & n.3.)[2]

After Martin failed to produce his license upon Officer Gonzalez's request, claiming he "had [it] taken for a ticket," Officers Gonzalez and Marinez asked Martin to step out of his car, at which point Officers Turcinovic and Chagoya arrived.  (*Id.* at ¶¶ 7–8.)

According to Martin, the officers forced him out of his car, handcuffed him, conducted a pat-down search of his person, placed him inside a police vehicle, and searched his car.  (*Id.* at ¶ 9.)[3]  During the search, the officers recovered a 9 mm semiautomatic handgun and a plastic baggie containing crack cocaine.  (*Id.* at ¶ 10.)  On the scene, Officer Marinez noticed that the serial number on the handgun had been defaced.  (*Id.*)  After transporting Martin to the police station for processing, Officer Marinez discovered that Martin had prior felony convictions.  (*Id.* at ¶¶ 11-12.)

Martin was transferred to the Cook County Jail and charged with four felonies: (i) being an armed habitual criminal in violation of 720 ILCS 5/24-1.7(a); (ii) being a convicted felon in possession of a firearm in violation of 720 ILCS 5/24-1.1(a); (iii) being in possession of a firearm with a defaced serial number in violation of 720 ILCS 5/24-5(b); and (iv) being in possession of cocaine in violation of 720 ILCS 570/402.  (*Id.* at ¶¶ 11, 13.)  He also received traffic citations pursuant to Chicago Municipal Code § 9-76-050 (relating to the operation of taillights) and 625 ILCS 5/6-112 (relating to the requirement to carry a driver's license).  (*Id.* at ¶ 13.)  He was incarcerated from May 24, 2013 through July 29, 2013 in connection with his May 24, 2013 arrest.  (*Id.* at ¶ 14.)  During state-court criminal proceedings, Martin filed a

---

[2] Martin claims he committed no traffic violations prior to being pulled over.  (R. 38 at ¶ 6.)

[3] According to Defendants, when Martin stepped out of his car, they saw a gun between his legs, and they immediately placed him in custody.  Officer Chagoya then searched Martin's car prior to impound and found a plastic baggie containing crack cocaine and $400.  (*Id.* at ¶ 9 n.4.)

motion to suppress, which the trial court granted in November 2014. (*Id.*) As a result, the State dismissed the charges through a nolle prosequi motion. (*Id.*)

On May 24, 2015, Martin commenced this action under 42 U.S.C. § 1983, alleging false arrest (Count I), unlawful search (Count II), and indemnification under state law against the City (Count III). (R. 1.) Before the Court granted summary judgment in part to Defendants, Martin sought $65,000 in damages for his incarceration and $45,500 in lost business income in relation to his automobile dealership. (R. 38 at ¶ 15.)

Defendants moved for partial summary judgment on August 23, 2016, arguing that Martin "c[ould] not proceed on any claims related to the Defendant Officers' conduct after their discovery of the contraband," which supplied the officers with probable cause. (R. 37, Opening Br., 2, 8–9.) Defendants conceded that Martin "c[ould] . . . proceed on his claim related to his brief detention on [the] scene before the handgun and drugs were found, the search of his person, and the search of his vehicle." (*Id.* at 9.) The Court agreed with Defendants in its January 2017 opinion. (R. 56 at 4–5.) In granting Defendants' partial summary judgment, the Court made clear that "Martin's Section 1983 case may proceed as to the initial stop and search of his person and car on May 24, 2013—before Defendants' discovery of the illegal firearm and crack cocaine." (*Id.* at 16.) Martin also has a false arrest claim based on his detention until Defendants found the firearm.

## LEGAL STANDARD

### I. Motions in Limine

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 939 (7th Cir. 2016); *Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 447 (7th Cir. 2014). "Although the Federal Rules of

Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) ("The Federal Rules of Civil Procedure set out many of the specific powers of a federal district court," but "they are not all encompassing," for example, they make no provision "for the power of a judge to hear a motion *in limine*."). "Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial," and "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). It is well-established that a motion in limine "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings" and that it "permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

## II.    Federal Rules of Evidence

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401; *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012). In short, Rule 401 defines relevance broadly. *See United States v. Boswell*, 772 F.3d 469, 475 (7th Cir. 2014). Rule 402 "provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" *Boros*, 668 F.3d at 907. The Court, however, may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Fed. R. Evid. 403. When considering Rule 403, courts use "a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012). "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." *Morgan v. City of Chicago*, 822 F.3d 317, 339 (7th Cir. 2016) (citation omitted).

## ANALYSIS

### I.      Martin's Motions in Limine

#### A.      Motion in Limine #3: Barring Admission of Martin's Prior Arrests and Convictions for the Purposes of Cross-Examination or for Any Other Purpose

Martin seeks to bar any references to his prior arrests, accusations, charges, or convictions, including convictions for being an armed habitual criminal, being a felon in possession of a firearm, and first-degree murder. (R. 63, Pl.'s Mot. in Limine, 2; R. 69, Defs.' Responses, 1–2.)

The Court first addresses areas where the parties are in agreement. First, Defendants indicate that they "do not intend to present evidence regarding [Plaintiff's] prior arrests that did not result in convictions as a prior bad act or to make a showing that Plaintiff has a propensity to commit a crime." (R. 69 at 4.) While it appears at one point in their brief that Defendants seek to introduce evidence of *all* prior arrests because they "are relevant to his damages," (*id.* at 5), they later clarify that they are limiting their request to arrests that led to convictions, (*see id.* at 6 ("Defendants should be allowed to introduce evidence relating to Plaintiff's past arrests and *subsequent convictions* to rebut his claim for damages." (emphasis added)).) Accordingly, the

Court grants Martin's motion with respect to references to past arrests that did not lead to convictions.

Second, Defendants have not indicated that they intend to impeach Martin with evidence of his murder conviction.  (*Id.* at 2-6.)  The Court therefore grants Martin's motion to the extent he seeks to bar Defendants' from referencing his murder conviction for impeachment purposes.

From what the Court can discern from the parties' filings, the parties dispute the admissibility of two convictions: a 2007 conviction for being a felon in possession of a firearm and a 2013 conviction for being an armed habitual criminal.[4]  Defendants seek to admit evidence of both of these convictions under Rule 609.  Under Rule 609(a)(1)(A), when a party wishes to attack a witness's character for truthfulness, evidence of a conviction for a crime punishable by imprisonment for more than a year "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant."  If, however, "10 years have passed since the witness's conviction or release from confinement, whichever is later," the evidence of the conviction is only admissible, if, among other factors, "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b)(1). Here, the parties do not dispute that the two convictions and accompanying release dates from custody do not trigger Rule 609(b), so the Court's analysis turns on Rule 403.

In criminal cases, the Seventh Circuit has identified five considerations for weighing probative value against prejudicial effect: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between

---

[4] Under 720 ILCS 5/24-1.7, an armed habitual criminal is a person who "receives, sells, posses, or transfers any firearm after having been convicted a total of 2 or more times of any combination" of certain enumerated offenses, which include forcible felonies (as defined under 720 ILCS 5/2-8), certain unlawful use of a weapon violations, vehicular hijacking, aggravated battery of a child, aggravated intimidation, gunrunning, home invasion, aggravated battery with a firearm, and drug crimes punishable as a Class 3 felony or higher.

the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir. 1976); *Smith v. Nurse*, No. 14-cv-5514, 2016 WL 4539698, at *3 (N.D. Ill. Aug. 31, 2016); *Buchanan v. McCann*, No. 08 C 7063, 2012 WL 1987917, at *1 (N.D. Ill. June 4, 2012); *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 2637214, at *1 (N.D. Ill. June 6, 2011). "While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis." *Buchanan*, 2012 WL 1987917, at *1. Courts have broad discretion under Rule 403. *Anderson v. City of Chicago*, No. 09 C 2311, 2010 WL 4928875, at *1 (N.D. Ill. Nov. 30, 2010) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)). They should take care, however, "to ensure that a civil rights plaintiff's criminal past is not being used to unfairly prejudice him or her." *Id.* (quoting *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992)).

The first factor weighs against admissibility because Martin's prior convictions are not especially probative of truthfulness. *See Patterson v. City of Chicago*, No. 15-cv-4139, 2017 WL 770991, at *8 (N.D. Ill. Feb. 28, 2017) ("[U]nlawful use of a weapon . . . ha[s] little to do with truthfulness."); *see also Ellis v. Country Club Hills*, No. 06 C 1895, 2011 WL 6001148, at *3–4 & n.2 (N.D. Ill. Dec. 1, 2011); *cf. Barber v. City of Chicago*, 725 F.3d 702, 714-15 (7th Cir. 2013) ("A felony conviction for possession of stolen property (or possession of a stolen motor vehicle) is not a crime of dishonesty per se but it is more probative of dishonesty than other crimes, like murder or assault." (citations omitted)). The second factor is not particularly compelling for Defendants given that Martin's older conviction is more than ten years old and his other conviction, while not exceedingly old, is not especially recent either.

The third factor weighs against admission.  While the past convictions are unlike a traffic violation, the jury will likely hear that Martin had a gun on the day in question.  This creates a risk that the jury will see Martin as a danger to society, which could unfairly prejudice him in the current case.

The last two factors weigh in favor of admission because Martin's testimony is critical to his case, and his credibility is crucial for a jury to assess his testimony.  *See United States v. Gant*, 396 F.3d 906, 910 (7th Cir. 2005) (noting the importance of credibility when one party-witness's testimony contradicts the testimony of a witness supporting the opposing party's version of events).

Weighing the factors together, Defendants may question Martin with a "sanitized" version of these two prior convictions.  *See Jones*, 2017 WL 413613, at *10 (describing and ordering sanitization of prior offenses).  Defendants may not reference the nature of Martin's past crimes.  Martin's crimes of conviction would likely confuse the jury and be highly prejudicial, as both of Martin's prior convictions indicate that he committed additional wrongdoing in the past.  This could cause unwarranted speculation about what other crimes Martin committed in the past.  Moreover, Martin's latest conviction labels him an "armed habitual criminal," a title that is obviously prejudicial and irrelevant to the current litigation.  Additionally, weapons offenses potentially imply violent conduct and carry a significant risk of prejudice.  Accordingly, Defendants may impeach Martin by introducing the fact that he has two felony convictions, but they may not reference his crimes of convictions.  *See id.* at *10 (collecting cases); *see also Patterson*, 2017 WL 770991, at *9.

Defendants also seek to admit the two convictions and accompanying arrests to show motive, plan, and intent.  Defendants explain that Plaintiff was out on bond when the events in

question in the current case took place after his 2012 arrest that led to his armed-habitual-criminal conviction. (R. 69 at 3.) They argue that because Martin was out on bond, he "should have known that he would have higher consequences levied against him for breaking the law." (*Id.*) Additionally, Defendants argue that because of Martin's felon-in-possession conviction, he knew he could not legally possess a firearm when the events in question in the current case took place. (*Id.*) Accordingly, Defendants argue, the past convictions and accompanying arrests are relevant to show Martin's motivation to evade the officers' requests for his license and registration. (*Id.*)

Martin's motivation to evade the officers' requests for his license and registration, however, is irrelevant to the current case. While this motivation may be relevant if it were disputed whether Martin failed to provide his license and registration, the parties agree that Martin did not provide his license and registration. (R. 38 at ¶ 7.) Defendants cite *Common v. City of Chicago*, 661 F.3d 940 (7th Cir. 2011), to support their argument, but there the Seventh Circuit made clear that impeachment by contradiction is permissible "where the facts are controverted." 661 F.3d at 946. In *Common*, the fact that an individual had drugs hidden in his mouth was relevant because it gave him a motive to avoid the discovery of illegal activity and therefore made it more likely that he engaged in a flight response (as a police officer testified) rather than compliant conduct (as the individual's estate contended). *Id.* at 945. The court distinguished the situation at issue from other cases in which evidence of the plaintiff's conduct was not "highly contested."[5] *See id.* Accordingly, the Court rejects Defendants' argument that Martin's prior convictions and arrests are relevant to prove motive, plan, or intent. Moreover, even if such evidence were relevant to prove motive, plan, or intent, it would be substantially

---

[5] Even if it were contested whether Martin did not provide his license and registration, Defendants have failed to articulate why this is relevant to their case.

outweighed by the unfair prejudice of Martin's prior conduct—particularly that he was out on bail at the time of the incident in question.

Finally, Defendants argue that Martin's past arrests and convictions are relevant to damages because Martin intends to testify as to emotional damages and suffering that accompanied his arrest. Evidence of past arrests to contest a plaintiff's claim for damages is not per se inadmissible. *See Nelson v. City of Chicago*, 810 F.3d 1061, 1068–69 (7th Cir. 2016). Thus, the Court will wait to see what evidence Martin uses to support his claim for damages, before deciding what, if any, arrests Defendants can use. *See Jones*, 2017 WL 413613, at *11. If Plaintiff opens the door to such evidence, the Court will address the scope of cross-examination outside the presence of the jury.

In sum, the Court grants in part, denies in part, and takes under advisement in part this motion.

### B.      Motion in Limine #4: Barring Admission of Defendants' Financial Condition

Martin seeks to bar Defendants from admitting testimony or evidence of their financial condition on the grounds that he agreed to Defendants' refusal to answer questions concerning their financial state on the condition that Defendants provide an affidavit with their financial statements, which they apparently have not done. (R. 63 at 5.) Defendants respond that they will provide a confidential affidavit with their financial statements before trial in order to raise their financial condition during trial. (R. 69 at 6-7.) If Defendants provide the affidavit to Martin with sufficient time to review before trial, the Court will deny Martin's motion.

The Court further notes that Defendants may introduce evidence of their financial condition with respect to punitive damages but not compensatory damages. *See* Seventh Circuit Pattern Jury Instruction 7.24 (2015); *Banaei v. City of Evanston*, No. 10 C 6966, 2014 WL

2892392, at *1 (N.D. Ill. June 26, 2014); *see also Gonzalez v. Olson*, No. 11 C 8356, 2015 WL 3671641, at *8 (N.D. Ill. June 12, 2015). If Defendants opt to do this, however, they "open the door" to Martin presenting evidence of the City's indemnification with respect to compensatory damages. *See Patterson*, 2017 WL 770991, at *11; *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011); *see also Gonzalez*, 2015 WL 3671641, at *7; *Kyung Hye Yano v. City Colls. of Chi.*, No. 08-cv-04492, 2014 WL 7450559, at *8 (N.D. Ill. Dec. 31, 2014).

Accordingly, the Court denies this motion without prejudice. If, however, Defendants seek to introduce evidence of their financial condition, they must comply with the parties' pretrial agreement.

### C.  Motion in Limine #5: Barring Admission of Testimony of Any Evidence Pertaining to Events that Have Transpired Upon the Discovery of a Firearm and Narcotics

Martin seeks to bar Defendants from introducing testimony or evidence relating to conduct occurring after Defendants' discovery of narcotics and an illegal firearm in Martin's possession. (R. 63 at 5-6.) Martin contends that it is irrelevant and prejudicial to include the finding of the firearm and narcotics. (*Id.*) Martin cites the Court's summary judgment opinion as the basis for his motion—specifically the Court granting summary judgment to Defendants on Martin's claims "related to [Defendants'] conduct *after* the Defendant Officers discovered narcotics and an illegal firearm" because the officers had probable cause to arrest him at that point. (R. 56 at 2 (quoting R. 37 at 2).)

Martin claims that Defendants "violated his civil rights by unlawfully initiating a traffic stop of his car, falsely arresting him, and subsequently searching his person and his car." (R. 74 at 2.) His remaining claims are based on his assertion of an illegal traffic stop, false arrest for

based on his detention at the scene, and an illegal search of his person and car.  As discussed

above, Defendants claim that they arrested Martin immediately upon seeing the gun when he

stepped out of his vehicle.  Then, Officer Marinez recovered the gun, and, subsequently, Officer

Chagoya recovered a bag containing crack cocaine.  (R. 38-6 at 15–16; R. 38-4 at 46–47.)  Based

on this description of events, Defendants will likely rely on the existence of the gun to justify

placing Martin in custody, searching his person, and searching the car.  The Court will not bar

Defendants from referring to Martin's possession of the gun because it formed the basis, at least

in part, to detain Martin, search his person, and search his car.

The Court, however, is not convinced that Defendants should be permitted to reference

the police finding drugs.  The police already had probable cause before the drugs were found,

and the Court has previously noted that probable cause is an absolute defense for wrongful arrest.

Moreover, the police had already searched Plaintiff and his car before finding drugs.  The drugs

are not relevant to the remaining claims.  Additionally, even if the drugs had some minimal

relevance, the unfair prejudice resulting from evidence that Martin had drugs substantially

outweighs any potential probative value.

The Court will also not permit Defendants to introduce evidence of the gun's obliterated

serial number unless Martin opens the door to such evidence.  Consequently, the Court grants in

part and denies in part Martin's motion. [6]

_____

[6] Defendants contend that the Court did not *dismiss* Count I (false arrest), but rather limited the false arrest claim for
the purpose of damages to events occurring before the discovery of contraband.  According to Defendants, the false
arrest claim survives because Martin may be entitled to recover nominal damages for false arrest from the time of
the initial stop to the discovery of contraband.  (R.69 at 7-8.)  Defendants, however, misconstrue the Court's prior
ruling.  The Court did not merely limit the damages to events prior to the discovery of contraband; it explicitly
barred any false arrest claim following the discovery.  (R. 56 at 4-6.)  The Court emphasized that "the existence of
probable cause [following the discovery of contraband] *defeats any claim* for compensatory damages for Martin's
arrest and pre-arraignment detention."  (*Id.* at 11 (emphasis added).)  Furthermore, the Court noted that probable
cause to arrest is an absolute defense to a wrongful arrest claim.  (*Id.* at 5.)  In short, the Court has already ruled that
Martin has no claim for false arrest after the police recovered the gun.  Defendants' argument therefore is
unpersuasive.

In their response to Martin's motion, Defendants seek to bar Martin from arguing lack of probable cause following the discovery of contraband.  (*Id.* at 8.)  The Court reminds the parties to adhere to its summary judgment ruling.

## II.    Defendants' Motions in Limine

### A.    Motion in Limine #1: Bar Reference to Other Publicized Events Concerning Allegations of Police Misconduct

Defendants seek to bar Martin from introducing any testimony or evidence of allegations of police misconduct unrelated to the present case, including highly publicized incidents such as the deaths of Michael Brown and Laquan McDonald.  (R. 61, Defs.' Mot. in Limine, 1.)  Additionally, Defendants seek to bar reference to "the recently publicized Chicago police task force findings, the United States Department of Justice 'Pattern and Practice' investigation of the Chicago Police Department, and the Mayor's proposed changes."  (*Id.*)  Defendants contend that these unrelated incidents and general investigations of the Chicago Police Department are irrelevant to this case and unfairly prejudicial.  (*Id.* at 2.)  Defendants also argue that they should not be put in the position of having to defend the misconduct of others.  (*Id.*)

Martin responds by claiming that such testimony is necessary to remind the jury of the importance of protecting civilians from police misconduct and to explain the history of § 1983 actions.  (R. 70, Pl.'s Resp., 1.)  Martin further argues that questioning Defendants about their awareness of general police misconduct "would shed light on their credibility as . . . witness[es] during trial."  (*Id.* at 2.)

The Court agrees with Defendants.  Unrelated allegations and incidents of police misconduct possess minimal—if any—probative value while carrying a great risk of prejudice to police officers.  *See, e.g.*, *Martinez v. City of Chicago*, No. 14-cv-369, 2016 WL 35338823, at *10–11 (N.D. Ill. June 29, 2016); *Pierce v. Ruiz*, No. 13 CV 6824, 2016 WL 5912890, at *5

(N.D. Ill. Oct. 11, 2016); *Maldonado v. Stinar*, No. 08 C. 1954, 2010 WL 3075680, at *4 (N.D. Ill. Aug. 5, 2010) ("[E]vidence of police conduct unrelated to the Defendant Officers in this case has only minimal probative value and is highly inflammatory and prejudicial."); *Saunders v. City of Chicago,* 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (barring evidence of other cases of police misconduct because it is "marginally probative at best, and…highly inflammatory and prejudicial").  The Court finds that introducing extrinsic allegations or incidents of police misconduct poses a high risk of unfair prejudice to Defendants.  Moreover, police misconduct unrelated to the incident in question or the specific officers in question is of little or no relevance.  Plaintiff may not refer to such incidents of misconduct at trial.

Martin's argument that questioning Defendants about their knowledge of such incidents would go to their credibility is misguided.  (*See* R. 70 at 2.)  Defendants' knowledge about collateral matters is irrelevant.  By the same reasoning, Martin could question Defendants about virtually anything widely known—no matter how irrelevant to the present case—on the grounds that their answers are relevant to credibility.  Additionally, questioning about such incidents would inject the incidents into the trial, causing distractions and unfair prejudice to Defendants.

This motion is therefore granted.

### B. Motion in Limine #2: Bar Any Testimony, Evidence, Argument, or Innuendo that Any Non-Defendant Police Officers Engaged in Misconduct

Defendants seek to bar Martin from introducing any testimony, evidence, or suggestion that any non-Defendant Officers, CPD personnel, or City employees engaged in misconduct or caused injury to Martin.  (R. 61 at 2.)  The Court grants this motion for the same reasons it granted Defendants' Motion in Limine No. 1.

### C. Motion in Limine #3: Bar Any Evidence or Suggestion that the City Improperly Trains, Disciplines, or Investigates Misconduct of Officers or Has Improper Policies and Procedures

Defendants seek to bar Martin from introducing testimony or evidence that the City "improperly trains, disciplines, monitors or controls police officers." (R. 61 at 3.) Defendants argue that, because Martin is not bringing a *Monell* claim against the City, such information is irrelevant, prejudicial, and may confuse the jury. (*Id.*) Martin does not object to this motion with the exception of cross-examining Defendants about their training, arguing that such evidence is relevant to assess Defendants' credibility. (R. 70 at 2.) The Court therefore grants Defendants' motion to the extent the parties agree.

With respect to the parties' disagreement, the Court will take Defendants' motion under advisement. As Martin appears to recognize, without a *Monell* claim, evidence of training and supervision of officers is generally irrelevant to the current case. *See Gonzalez*, 2015 WL 3671641, at *12; *see also Thompson v. City of Chicago*, 472 F.3d 444, 454–55 (7th Cir. 2006) (noting that a violation of police department rules "is completely immaterial as to the question of whether a violation of the federal constitution has been established"). The Court, however, is unwilling to conclude at this juncture that the Defendant Officers' training—as distinguished from the Chicago Police Department's training policies in general—is necessarily irrelevant. An officer's training and experience may be relevant because, "[i]n making probable-cause determinations, law enforcement agents are entitled to draw reasonable inferences from the facts before them, based on their training and experience." *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003); *see also Jones*, 2017 WL 413613, at *8. Accordingly, the Court grants Defendants' motion in part and reserves judgment in part. If Martin wishes to raise the issue of a particular officer's training, he must do so first outside the presence of the jury.

**D.      Motion in Limine #4: Bar Any Evidence of, Including but Not Limited to, Civilian Complaints, Lawsuits, Employee or Other Disciplinary Proceedings, and Pending or Past Claims Against CPD Personnel**

Defendants seek to bar Plaintiff from introducing any testimony or evidence of disciplinary records, prior lawsuits, or complaints of misconduct against any of the Defendant Officers or other CPD personnel involved in the incident in question.  (R. 61 at 4.)  Defendants argue that this constitutes improper evidence of propensity under Rule 404, and that it is "irrelevant, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury."  (*Id.*)  Martin responds by arguing that such evidence would be useful to show Defendants' motive and bias insofar as testifying falsely would protect them from adverse employment actions such as discipline or discharge.  (R. 70 at 2.)

Neither party identifies any specific complaint, lawsuit, or proceeding that it seeks to admit or bar, and thus it is difficult for the Court to conduct a concrete analysis.  Nevertheless, it is unlikely that Martin will be able to meet the high standard for admission of extrinsic evidence of prior complaints, disciplinary actions, or lawsuits to show motive or bias.  Indeed, such evidence is admissible "only when . . . supported by some propensity-free chain of reasoning," *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc).  Martin's lip service to the notion that he would use evidence of disciplinary history or past complaints to show motive and bias to testify falsely is unconvincing.  Such questioning about collateral matters is distracting, could lead to mini-trials about past conduct, and likely is of little relevance.  *See Patterson*, 2017 WL 770991, at *4.  Additionally, even if past misconduct would provide an additional motive for Defendants to testify falsely, Defendants already have a motive to lie based on the allegations in the present case (assuming, of course, that the allegations are true).  *Id.*  Accordingly, the

probative value of the evidence Martin wishes to elicit is low, and it is substantially outweighed by the risk of unfair prejudice of jurors hearing about past incidents suggesting bad conduct unrelated to this case. *See id.*

The Court therefore grants Defendants' motion. If Plaintiffs have more specific information about the type of past misconduct they wish to raise, however, they may raise it with the Court at the final pretrial conference.

### E. Motion in Limine #5: Bar Any Testimony or Evidence Regarding Indemnification by the City

Defendants seek to bar Martin from introducing any evidence or implication that the City will indemnify Defendants. (R. 61 at 4-5.) Martin agrees but claims that he may introduce such evidence if Defendants "open the door" by introducing evidence of their financial condition. (R. 70 at 3.) Martin's position is consistent with the Court's ruling on Martin's motion in limine No. 4 and with the general practice of courts within this district. *See supra*; *see also Patterson*, 2017 WL 770991, at *5. This motion is therefore granted in part. Martin may not introduce evidence of the City's indemnification unless Defendants introduce evidence of their financial condition.

### F. Motion in Limine #6: Bar Any Reference to Punishing or Sending a Message to the City

Defendants seek to bar Martin from arguing that the jury should punish or "send a message" to the City with its verdict. (R. 61 at 5-6.) Martin has stated that he has no intention of making such an argument. (R. 70 at 3.) The Court therefore grants this motion to the extent the parties agree. Martin contends that he should be permitted to ask the jury to send a message to Defendant Officers and to others in similar positions to avoid the type of misconduct he is alleging in this case. (*Id.*) The Court agrees with Martin with respect to any argument in favor of punitive damages. *See Jones*, 2017 WL 413613, at *5 ("[Plaintiff] is entitled to ask the jury to

award punitive damages and send a message to Defendants or to other police officers generally to deter the type of misconduct [Plaintiff] alleges in this case.").

### G. Motion in Limine #7: Bar Any Implication or Testimony that CPD Personnel Are Being Paid by the City to Appear in Court and Testify and that They Spent Time with an Attorney to Prepare for Trial

Defendants seek to bar Martin from introducing any testimony or implication that Defendant Officers are being paid for their time in court, arguing that this is irrelevant and prejudicial.  (R. 61 at 6.)  For similar reasons, Defendants also seek to bar any evidence that they or any other City employee witness prepared for trial by speaking with an attorney.  (*Id.*)  Martin does not dispute this motion as it relates to Defendant Officers appearing in Court in this case. (R. 70 at 3.)  The Court grants Defendants' motion to the extent of the parties' agreement.[7]

Martin argues, however, that he should be allowed to cross-examine Defendants about receiving payment for testifying in the underlying criminal case, as well as meeting with Assistant Cook County State's Attorneys prior to testifying in the criminal case, on the grounds that Defendants' answers are relevant to assess their credibility.  (*Id.*)  Regarding the first portion of Martin's request, consistent with previous cases in this district, the Court will allow Martin to ask only whether Defendant Officers were paid more than their normal wages to testify to the extent any evidence about testifying in the underlying criminal case is relevant.  *See, e.g.*, *Jones*, 2017 WL 413613, at *5; *see also Patterson*, 2017 WL 770991, at *7.  Regarding the second portion of Martin's request, the Court will allow Martin to ask Defendants if any of them met with Assistant State's Attorneys prior to testifying.  *See Jones*, 2017 WL 413613, at *5 (finding that admitting evidence of meeting with attorneys beforehand is relevant to credibility because, for example, "it may help explain why a witness's testimony is particularly 'polished.'")  In

---

[7] Martin does not indicate that he wishes to question Defendants regarding the time they spent preparing with counsel to testify.

order to mitigate the risk of prejudice, however, Martin may not argue or imply that (1) meeting with Assistant State's Attorneys was improper; (2) Defendants met with Assistant State's Attorneys out of knowledge or fear of personal guilt or wrongdoing; (3) Defendants altered their testimony as a result of meeting with Assistant State's Attorneys, unless Martin first provides credible evidence to the Court. *See id.* (stipulating similar conditions). Additionally, if Martin questions Defendants about meeting with attorneys, the Court will instruct the jury that "[i]t is proper for a lawyer to meet with any witness in preparation for trial." Pattern Civil Jury Instructions of the Seventh Circuit 1.16 (2015).

### H. Motion in Limine #11: Remove the City as a Named Trial Defendant

Defendants seek to remove the City as a named defendant because there are no substantive claims against it, and thus its inclusion may confuse and "improperly signal to the jury that 'deep pockets' are available to pay any judgment." (R. 61 at 7-8.) In his response to Defendants' motion, Martin objects but cites no reason or authority for his objection. (*See* R. 70 at 4.) This results in waiver. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Even putting waiver aside, in the parties' recently filed proposed jury instructions, Martin agreed to an instruction indicating that Defendants are being sued as individuals, and that the City is not a party to the lawsuit. (R. 73 at 47.) The Court takes this as an indication that Martin agrees with Defendants' current motion. Otherwise, including the City in the case caption or verdict form would needlessly confuse the jury. The Court therefore grants Defendants' motion. This ruling has no effect on the City's obligations to indemnify the named Defendants. Additionally, this ruling merely excludes the

City from the case caption.  It does not remove the City as a defendant for indemnification purposes.

**I.      Motion in Limine #12: Bar Argument that Plaintiff Should Be Compensated for Any Seizure Following the Discovery of Contraband in His Car**

Defendants seek to bar Martin from introducing testimony or evidence of injury following the discovery of contraband.  (R. 61 at 7-8.)  Martin does not object to this motion, (R. 70 at 4), and thus the Court grants it.  Martin states, however, that he wishes to reserve the right to introduce evidence of "lingering emotional trauma" caused by Defendants' actions prior to the discovery of contraband.  (*Id.*)  Martin may make this argument if he wishes, though the Court notes that its ruling on Martin's motion in limine No. 3 will apply.

**J.      Motion in Limine #13: Allow Defendants to Offer Evidence of the Fruits of Their Searches of Plaintiff and His Vehicle**

Defendants seek to admit evidence of the results of their searches in order to offer "a complete picture of the events" and "give[ ] the jury a clear idea of where Plaintiff's damages begin and end."  (R. 61 at 8.)  Defendants argue that without this evidence, the jury may incorrectly infer that the searches were meritless and that Martin was released.  (*Id.*)  Martin objects to this motion on the grounds that Defendants "wish to have their cake and eat it to" by "preclud[ing] plaintiff from presenting evidence of his injuries following the discovery of contraband but also want to tell the jury that the contraband was discovered and that plaintiff was lawfully arrested."  (R. 70 at 4.)

The Court's ruling on Martin's motion in limine No. 5 covers this motion.  As noted above, Defendants may not refer to the drugs they recovered or the obliterated serial number but may refer to the gun

This motion is therefore granted in part and denied in part.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part the Plaintiff's

motions in limine.  The Court takes under advisement all issues it did not resolve in this opinion.


**DATED: July 7, 2017**                                        **ENTERED**

_____
AMY J. ST. EVE
U.S. District Court Judge