# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHERARD MARTIN, ) | |
| ) | No. 15-cv-04576 |
| Plaintiff, ) | |
| ) | |
| v. ) | Hon. Amy J. St. Eve |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Plaintiff Sherard Martin's ("Martin") motion for attorneys' fees and costs. (R. 103.) Defendants the City of Chicago (the "City") and Chicago Police Department ("CPD") Officers Davis Marinez, Sofia Gonzalez (Arellano),[1] Armando Chagoya, and Elvis Turcinovic (collectively, "Defendants") oppose the motion. (R. 106-1, 109.) The Court denies Plaintiff's motion for attorneys' fees and costs.

## BACKGROUND

The Court assumes the parties' familiarity with the proceedings thus far. On May 24, 2015, Martin commenced this action under 42 U.S.C. § 1983, alleging false arrest (Count I), unlawful search (Count II), and indemnification under state law against the City (Count III). (R. 1.) Before the Court granted summary judgment in part to Defendants, Martin sought $65,000 in damages for his incarceration and $45,500 in lost business income in relation to his automobile

---

[1] In Defendants' Rule 56.1(a)(3) Statement of Undisputed Material Facts, they indicated that Officer Sofia Gonzalez is now known as Sofia Arellano. (R. 38 at ¶ 3.) To avoid confusion, the Court will refer to her as Officer Gonzalez, as the Court did in its prior summary judgment opinion in this case. (R. 56.)

dealership.  (*See* R. 38, Defs.' Statement of Undisputed Material Facts, ¶ 15; R. 47, Pl.'s Statement of Undisputed Material Facts, ¶ 15.)

Defendants moved for partial summary judgment on August 23, 2016, arguing that Martin "c[ould] not proceed on any claims related to the Defendant Officers' conduct after their discovery of the contraband," which supplied the officers with probable cause.  (R. 37, Opening Br., 2, 8–9.)  Defendants conceded that Martin "c[ould] . . . proceed on his claim related to his brief detention on [the] scene before the handgun and drugs were found, the search of his person, and the search of his vehicle."  (*Id.* at 9.)  The Court agreed with Defendants in its January 2017 opinion.  (R. 56 at 4–5.)  In granting Defendants' partial summary judgment, the Court made clear that "Martin's Section 1983 case may proceed as to the initial stop and search of his person and car on May 24, 2013—before Defendants' discovery of the illegal firearm and crack cocaine."  (*Id.* at 16.)  Martin also had a false arrest claim based on his detention until Defendants found the firearm.  (*Id.*).

Trial commenced on July 14, 2017 and the jury began deliberating on July 17, 2017, the second day of trial.  (R. 92; R. 95.)  On July 18, 2017, the jury returned its verdict.  (R. 98.)  The jury found for Defendants on Claim II (unlawful search) and Claim III (false arrest).  (*Id.*)  On Claim I (unlawful seizure), the jury found for Defendants Chagoya and Turcinovic, but found for Plaintiff with respect to Defendants Marinez and Gonzalez.  (*Id.*)  The jury awarded Martin $1 in nominal damages and no punitive damages.  (*Id.*)  The jury's damages finding reflected the jury instruction that "[i]f you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00)."  (R. 97 at 28); *see* Pattern Civil Jury Instructions of the Seventh Circuit 7.23 (2015).

Plaintiff now moves for attorneys' fees and costs. (R. 103.) He seeks $79,048 in total based on Stephen L. Richards working 69.4 hours at an $826 per-hour rate and Joshua S.M. Richards 51.6 hours at a $421 per-hour rate. (*Id.*) While Plaintiff does not mention costs in his brief, it appears he requests $1,537.20 in costs resulting from depositions and filing fees. (R. 103-2.)

## LEGAL STANDARD

### I. Attorney's Fees

The prevailing party in a § 1983 action may recover reasonable attorneys' fees. *See* 42 U.S.C. § 1988(b); *see Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017). Generally, "[t]he appropriate fee under § 1988 is the market rate for the legal services reasonably devoted to the successful portion of the litigation." *Richardson v. City of Chicago*, 740 F.3d 1099, 1103 (7th Cir. 2014). Where, as in this case, a jury awards nominal damages, the plaintiff is a "prevailing party" under § 1988. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992); *see also Aponte v. City of Chicago*, 728 F.3d 724, 726 (7th Cir. 2013). Nevertheless, "a reasonable attorney's fee for a nominal victor is usually zero." *Aponte*, 728 F.3d at 727; *see also Farrar*, 506 U.S. at 115 ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.").

The Seventh Circuit follows a three-part test from Justice O'Connor's concurrence[2] in *Farrar* "when assessing fee awards to trifling victories." *Aponte*, 728 F.3d at 727. Courts consider "(1) the difference between the amount recovered and the damages sought, (2) the

---

[2] In *Farrar*, five justices, including Justice O'Connor, joined the majority decision. Justice O'Connor issued a concurrence to further explain when fee awards are appropriate in civil rights cases in which a jury awards only nominal damages.

3

significance of the issue on which the plaintiff prevailed relative to the issues litigated, and (3) whether the case accomplished some public goal."

The Seventh Circuit reviews a district court's application of the *Farrar* test for abuse of discretion. *Aponte*, 728 F.3d at 731; *see also Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996). In *Cartwright v. Stamper*, the plaintiffs were only awarded a nominal one dollar for each of their claims, and yet they petitioned for over $110,000 in fees and expenses. 7 F.3d 106, 108 (7th Cir. 1993). The Seventh Circuit reversed the district court's award of some $52,000, finding that the court "should have summarily denied the petition for fees." *Id*. at 110. *See also Maul v. Constan*, 23 F.3d 143, 147 (7th Cir. 1994) ("Having weighed the *Farrar* factors, we hold that the district court abused its discretion by awarding attorney's fees to Maul: the difference between the judgment sought and obtained was great and the public purpose of the litigation was minimal. Since plaintiff's victory was *de minimis,* an award of attorney's fees was inappropriate.").

**II.     Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1); *see also Richardson*, 740 F.3d at 1102 ("Rule 54 entitles prevailing parties to recover their costs"); *Goldberg v. 401 N. Wabash Venture LLC*, 2013 WL 4506071, *1 (N.D. Ill. Aug. 23, 2013). "The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters." *Thompson v. Vill. of Monee*, 2016 WL 128005, *1 (N.D. Ill. Jan. 12, 2016), *appeal dismissed* (Feb. 26, 2016) (referencing *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *Republic Tobacco Co. v. North Atl. Trading Co.*,

*Inc.*, 481 F.3d 442, 447 (7th Cir. 2007)); *see also Harney v. City of Chicago,* 702 F.3d 916, 927 (7th Cir. 2012).

Rule 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party," *Myrick v. WellPoint, Inc.,* 764 F.3d 662, 666 (7th Cir. 2014), but gives "the district judge discretion to decide whether an award of costs is appropriate." *Chesemore v. Fenkell,* 829 F.3d 803, 816 (7th Cir. 2016). *See also U.S. Neurosurgical*, 572 F.3d at 333; *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."). Taxing costs against the non-prevailing party requires two inquiries—whether the cost is recoverable and whether the amount assessed is reasonable. *See U.S. Neurosurgical,* 572 F.3d at 333; *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

For the purposes of Rule 54, the prevailing party is "the party who prevails as to the substantial part of the litigation." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985); *see also Cascade Die Casting Grp., Inc. v. Arwood Corp.*, 923 F.2d 856, *6 (7th Cir. 1991) (quoting *First Commodity Traders, Inc*. with approval). In *Richardson v. City of Chicago*, the plaintiff only prevailed on one claim out of 39 claims filed under § 1983 and state law, and the jury awarded the plaintiff $1 in nominal damages plus $3,000 in punitive damages. 2013 WL 2451107 (N.D. Ill. June 5, 2013), *aff'd sub nom*. *Richardson v. City of Chicago, Ill*., 740 F.3d 1099 (7th Cir. 2014). The district court found—and

5

the Seventh Circuit affirmed—that the defendant was the prevailing party for the purposes of Rule 54 and ordered the plaintiff to pay costs in favor of the defendant. *Id.*

## ANALYSIS

**I.      Attorney's Fees**

It is clear in this case that the jury awarded only nominal damages and that *Farrar* case applies. *See Aponte*, 728 F.3d at 726; *see also Moore v. Liszewski*, 838 F.3d 877, 878 (7th Cir. 2016). Weighing the three relevant *Farrar* factors, the Court concludes that this is the "usual[]" case in which the reasonable fee for a nominal § 1983 victor is zero dollars. *See Farrar*, 506 U.S. at 115; *Aponte*, 728 F.3d at 727; *see also, e.g.*, *Aponte*, 728 F.3d at 730–31 (affirming the district court's denial of fees) *Briggs*, 93 F.3d at 361 (same); *Maul*, 23 F.3d at 147 (concluding that a district court abused its discretion by awarding fees where "the difference between the judgment sought and obtained was great and the public purpose of the litigation was minimal"). To conclude otherwise in this case would run contrary to the Supreme Court's "admonition that fee awards under § 1988 were never intended to 'produce windfalls to attorneys.'" *Farrar*, 506 U.S. at 115 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986) (plurality)).

Before applying the *Farrar* test, the Court notes that Plaintiff does not reference or cite *Farrar* or its progeny. By failing to engage with the controlling law, Plaintiff's attorney's[3] argument in favor of fees is called into question. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[A]rguments that are unsupported by pertinent authority[] are waived.") (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)); *Karum Holdings LLC v. Lowe's Cos.*, 2017 WL 1151039, *4 (N.D. Ill. Mar. 28, 2017).

---

[3] Plaintiff was represented by two attorneys at trial, but only one signed the current motion.

### A. First *Farrar* Factor

The first factor in the *Farrar* test—"the difference between the amounts sought and recovered"—"is the most important." *Aponte*, 728 F.3d at 731. Here, Plaintiff sought far more than a dollar. Indeed, in the Amended Final Pretrial Order, the damage itemization indicates that Plaintiff sought $300,000 in compensatory damages for emotional distress and $900,000 in punitive damages. (R. 74 at 6.) During the closing statement rebuttal at trial, Plaintiff still asked for an award between $50,000 and $100,000 for compensatory damages, and an unspecified amount for punitive damages. The one dollar nominal award actually received pales in comparison to these figures. In fact, Plaintiff recovered well under 1% of what he requested, no matter which of his estimates the Court uses. This factor decidedly weighs against an award of fees.

### B. Second *Farrar* Factor

The second *Farrar* factor—the significance of the issue on which the plaintiff prevailed relative to the issues litigated—is the "least significant" factor. *Briggs*, 93 F.3d at 361. In *Aponte*, the plaintiff brought two claims—one for unreasonably executing a warrant and one for "failing to prevent an unreasonable search"—against four officers. 728 F.3d at 276. The plaintiff "lost seven of his eight Fourth Amendment claims and three of the four defendants were victorious." *Id.* at 727. The Seventh Circuit concluded that this victory was "not significant." *Id.* at 731. In *Briggs v. Marshall*, the plaintiffs had sued a county, a municipality, and a number of police officers for wrongful arrest and detention, use of excessive force, and various state law torts. 93 F.3d at 357. By the time the case reached trial, only two officers and the municipality remained as defendants, and only the unlawful arrest and detention and excessive force claims remained. *Id.* The plaintiffs won nominal damages on the excessive force claim as to one of the

police officers, but the plaintiffs lost on all other claims. *Id.* The district court had "found that this factor weighed modestly in favor of fees given the plaintiffs' success on their excessive force claim." *Id.* at 361. The Seventh Circuit concluded that because "this factor is close in light of the fact that the plaintiffs lost on their remaining claims, [the court could not] say that the district court's application of this factor was an abuse of discretion." *Id.*

In the current case, Plaintiff lost at partial summary judgment, which significantly limited the scope of his claims. At trial, with three separate claims against four separate defendants, Plaintiff prevailed on a single claim against only two defendants. This is slightly better than *Aponte* and comparable to *Briggs*. As the Seventh Circuit concluded in *Briggs*, this factor is "close." The Court concludes that the second factor weighs slightly—very slightly—in favor of some fees, but that this factor is close to negligible in light of the other factors, particularly the first.[4]

### C. Third *Farrar* Factor

The third *Farrar* factor—"whether the case accomplished some public goal"—weighs against awarding fees. "The more important the right at stake and the more egregious the violation the more likely it is that the victory serves a public purpose. An award of punitive damages, therefore, is strong evidence that the victory served a public purpose." *Cartwright*, 7 F.3d at 110 (citations omitted); *see also Estate of Borst v. O'Brien*, 979 F.2d 511, 517 (7th Cir. 1992) (punitive damage award reflects "both the value of the victory in finding a violation of constitutional rights and the deterrence value of the suit" (internal quotations omitted)); *Ustrak v.*

---

[4] *Maul v. Constan* framed the second factor somewhat differently, focusing on "the legal import of the constitutional claim on which the plaintiff prevailed." 23 F.3d at 145. A win for a single individual on a *Terry* stop claim is not trivial, but even viewing this factor under the *Maul* lens rather than in the *Aponte* framework, it "only minimally advances plaintiff's claim that he is entitled to attorney's fees." *Id.* at 145–46 (reaching this conclusion where the plaintiff established that he was entitled to administrative review of a prison physician's decision to administer antipsychotic drugs over his objection, an issue that the Supreme Court had recently addressed).

*Fairman*, 851 F.2d 983, 989 (7th Cir. 1988) ("A judicial decision that finds a violation of constitutional rights and punishes the perpetrator with an award of punitive damages not only vindicates constitutional principles but is a deterrent to future violations, to the benefit not only of the plaintiff but of others in similar situations."). Here, the jury did not award Plaintiff any punitive damages, only the nominal $1 award.

In *Aponte*, where the plaintiff lost seven of his eight Fourth Amendment claims, the district court concluded that the plaintiff's "victory merely vindicated his own personal rights." 728 F.3d at 727. The Seventh Circuit agreed, concluding that "the minimal money awarded reflected a mere personal victory without any identifiable, broader import to the public." *Id.* at 731. As in *Aponte*, Plaintiff's victory here was merely personal, without any broader impact to the public. While this factor weighing against a fee award is not meant "to denigrate the importance of the plaintiffs' vindication of their constitutional rights," "attorney's fees are appropriate after *Farrar* only when the plaintiff's victory entails something more than merely a determination that a constitutional guarantee was infringed." *Briggs*, 93 F.3d at 361.

**D.     Reasonable Rates**

While it is not necessary to further consider the reasonableness of Plaintiff's requested fee awards, Plaintiff's attorneys' requested rates are worth addressing. Counsel relies on the "Laffey Matrix," which is a chart of hourly rates for attorneys in the Washington, D.C. market prepared by the United States Attorney's Office for the District of Columbia. This Court has previously considered the Laffey Matrix in a § 1983 case and noted that "[a]lthough some courts in this district have referred to the Laffey matrix when determining the reasonableness of hourly rates, the Seventh Circuit has not adopted this approach." *Obrycka v. City of Chicago*, 2013 WL 1749803, *3 (N.D. Ill. Apr. 23, 2013). The Laffey Matrix does "not provide guidance to the

9

Court's assessment of [the attorney's] reasonable hourly rate because the matrix only sets forth years of experience and not years of experience in a specific legal expertise." *Id.* The rates requested here—$826 per hour for the senior attorney on the case and $421 dollars per hour for the other attorney—are extremely high. *See Montanez v. Fico*, 931 F. Supp. 2d 869, 876 (N.D. Ill. 2013) (noting that "Jon Loevy, who has practiced law for 19 years and leads what is fairly considered one of the premier Chicago-area firms concentrating in plaintiffs section 1983 litigation" received a rate of $495 per hour in one case (quotation omitted)); *see also Fox ex rel. Fox v. Barnes*, 2013 WL 4401802 (N.D. Ill. Aug. 15, 2013) (awarding Jon Loevy $505 per hour). While it is unnecessary for the Court to determine what a reasonable fee is in this case, it is safe to say that it is not what Plaintiff requests.

## II. Costs

Turning from attorneys' fees to the issue of costs, Plaintiff does not fare better. While Rule 54(d)(1) sets up the presumption that the prevailing party recoups costs, courts have a great deal of discretion in its award. *See Chesemore,* 829 F.3d at 816; *U.S. Neurosurgical*, 572 F.3d at 333; *Rivera*, 469 F.3d at 634. The Court finds that in this case and for the purpose of Rule 54, Defendants are the prevailing party, having prevailed "as to the substantial part of the litigation." *Cascade Die Casting Grp., Inc.*, 923 F.2d at *6 (Seventh Circuit awarded defendants their costs after plaintiff lost four of its five claims and had to bear 75% of the liability for the single claim they did win); *First Commodity Traders, Inc.*, 766 F.2d at 1015 (Seventh Circuit denied costs to a party that prevailed on only one of its seven claims). *See also Richardson*, 740 F.3d 1099 (Seventh Circuit awarded defendant costs after plaintiff won only one of its 39 claims); *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (Seventh Circuit upholding a district court's order for parties to bear their own costs where the plaintiff prevailed on one claim for $1,500 and

10

lost the other claim). At trial, with three separate claims against four separate defendants, Plaintiff prevailed on a single claim against only two defendants. The Defendants won the bulk of the action against them and are the prevailing party. Plaintiff cannot be awarded costs after such a dismal performance.

Even assuming for argument's sake that the Plaintiff was the prevailing party in this action, analyzing the reasonableness of Plaintiff's costs proves difficult because Plaintiff's counsel provides zero documentation of the expenses they seek. The party seeking costs carries the burden of proving "that the requested costs were necessarily incurred and reasonable." *Trs. of Chicago Plastering Inst. Pension Trust*, 570 F.3d at 906. *See also Little*, 514 F.3d at 702. Typically, parties file a Form AO 133 "Bill of Costs," which includes a sworn affidavit, and both an itemization and documentation of the requested costs. 28 U.S.C. §1924 requires all bills of costs to be supported by a sworn affidavit. Courts analyze costs based on category and review corresponding documentation. *See, e.g.*, *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble, Co.*, 924 F.2d 633 (7th Cir. 1991) (Seventh Circuit requiring a bill of costs that provides "the best breakdown obtainable from retained records"); *Goldberg*, 2013 WL 4506071 at *6 (this Court reviewing itemized and documented costs). Plaintiff's counsel has failed to file this form or any supporting documentation. This lack of support provides an alternative basis to deny costs.

## CONCLUSION

Weighing the three *Farrar* factors—specifically, the weight of the first and third factors strongly indicating a *de minimis* victory, against the modest weight of the second factor suggesting otherwise—the Court concludes that Plaintiff's "victory was purely technical and that the appropriate [attorney's] fee is no fee." *Cartwright*, 7 F.3d at 110; *see also Aponte*, 728 F.3d

at 727 ("a reasonable attorney's fee for a nominal victor is usually zero"); *Maul*, 23 F.3d at 147 ("Since plaintiff's victory was *de minimis,* an award of attorney's fees was inappropriate."). Additionally, given that Plaintiff is not the prevailing party for the purpose of Rule 54 and given the lack of appropriate documentation of expenses, the Court also denies Plaintiff's costs. For the foregoing reasons, the Court denies Plaintiff's motion for attorneys' fees and costs.

**DATED:** September 18, 2017                          **ENTERED:**

                                                               AMY J. ST. EVE
                                                               U.S. District Court Judge